Mary G. Thompson (SBN 249200)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
mt@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SNOW, an individual. | Civil Case No. C08 01370 PVT |
| Plaintiff, | COMPLAINT (Unlawful Debt Collection Practices) |
| v. | |
| ERIN CAPITAL MANAGEMENT, LLC, a limited liability company; and DOES 1 through 10 inclusive; | |
| Defendants. | |

COMPLAINT

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

1

COMPLAINT (UNLAWFUL DEBT COLLECTION PRACTICES)

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff **JAMES SNOW** is a natural person residing in California.

4. Defendant **ERIN CAPITAL MANAGEMENT, L.L.C. ("ERIN")** is a New York limited liability company doing the business in California of collecting consumer debts owed to another, with its principal place of business located at 907 Avenue U, Brooklyn, New York, 11223.

5. Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, ERIN acquired information regarding an alleged debt (the "DEBT") on a credit card in Plaintiff's name which originated with Citibank; the card had allegedly been used to purchase goods and services.

13. The Citibank card expired in December 2002; Plaintiff made no charges on the card nor payment on the DEBT after late 2002.

14. On March 19, 2007, Defendants filed suit in the Superior Court of California, County of San Mateo, Case No. CLJ461594 (the ACTION) to collect the DEBT.

15. The ACTION was time-barred.

16. At all relevant times, Plaintiff resided in San Benito County.

17. Plaintiff entered into the Citibank credit contract in San Benito County.

18. The ACTION was filed in an improper venue.

19. The Complaint in the ACTION demanded $9,236.20.

20. The Complaint in the ACTION falsely stated that Plaintiff lived in San Mateo County.

21. The Complaint in the ACTION falsely stated that ERIN was a corporation

qualified to do business in California.

22. The Complaint in the ACTION falsely stated that within the last four years Plaintiff became indebted to ERIN.

23. On October 1, 2007, ERIN filed a Proof of Service of Summons which falsely stated that ERIN had served Plaintiff by substituted service on September 22, 2007 at 1155 Broadway St. Ste 100, Redwood City, CA 94063.

24. On September 22, 2007, Plaintiff had no association with 1155 Broadway St. Ste 100, Redwood City, CA 94063 and resided at 1251 E. 4th St., Hollister, CA 95023.

25. ERIN never properly served Plaintiff.

26. ERIN obtained a default judgment against Plaintiff on December 3, 2007.

27. ERIN never notified Plaintiff of the ACTION or the judgment.

28. At all times relevant, ERIN was represented in the ACTION by the law firm of Eltman, Eltman, and Cooper, P.C.

29. In February 2008, an employee of Eltman, Eltman and Cooper, P.C. called Plaintiff and asked Plaintiff to pay the DEBT; the employee did not mention the ACTION or the judgment.

30. Plaintiff searched the internet for Eltman, Eltman and Coooper, P.C. and discovered that Eltman, Eltman and Cooper, P.C. were known for obtaining default judgments without notifying defendants.

31. Plaintiff then searched the court records and discovered the ACTION and the judgment.

32. Plaintiff's attorney prepared a motion to set aside the judgment; on March 6, 2008, Plaintiff's attorney entered into a stipulation with Eltman, Eltman and Cooper, P.C. to set aside the default and default judgment and dismiss the ACTION with prejudice.

33. As a result of the conduct alleged above, Plaintiff suffered great stress and worry. Plaintiff was forced to incur attorney fees in connection with the ACTION.

//

//

## V. FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

34. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

35. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

(a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) Defendants violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in the Action;

(e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(h) The Defendants violated 15 U.S.C. § 1692i(a) by bringing a legal action against Plaintiff in a location other than (1) where the Plaintiff has real property if the action is one to enforce an interest in real property; or (2) where the contract was signed; or (3) where the Plaintiff resides;

COMPLAINT (UNLAWFUL DEBT COLLECTION PRACTICES)

36. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

37. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

38. Defendants violated the Rosenthal Act, by including but not limited to, the following:

 (a) The Defendants violated California Civil Code §1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceeding when the Defendant knows that service of process, where essential to the jurisdiction over the debtor of his property, has not been legally effected;

 (b) The Defendants violated California Civil Code §1788.15(b) by collecting or attempting to collect a consumer debt, other than one reduced to judgment, by means of a judicial proceeding in a county other than the county in which the Plaintiff has incurred the consumer debt or the county in which the Plaintiff resides at the time such proceedings are instituted, or resided at the time the debt was incurred;

 (c) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

39. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

40. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//

COMPLAINT (UNLAWFUL DEBT COLLECTION PRACTICES)

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

    D. For such other and further relief as the Court may deem just and proper.

Date: March 7, 2008

_____
Mary G. Thompson
Attorney for Plaintiff