Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, California 92106
Telephone: (619) 758-1891
Facsimile: (619) 222-3667
dkirkpatrick@sessions-law.biz

Attorney for Defendant
Erin Capital Management, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SNOW, an individual, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ERIN CAPITAL MANAGEMENT, LLC a ) <br> limited liability company; and DOES 1 ) <br> through 10 inclusive; ) <br> ) <br> Defendants. ) <br> ) | Case No. C08 01370 PVT <br><br> ERIN CAPITAL MANAGEMENT, LLC'S ANSWER TO COMPLAINT |

Defendant ERIN CAPITAL MANAGEMENT, LLC ("Erin") submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

I. INTRODUCTION

1.   Erin admits Plaintiff's action is brought under the statutes set forth in ¶ 1 of the Complaint, but denies any wrongdoing or liability under the law.

II. JURISDICTION AND VENUE

2.   Erin admits the allegations set forth in ¶ 2 of the Complaint for jurisdiction and venue purposes only.

1
Answer to Complaint

## III. PARTIES

3.  Erin lacks sufficient information to answer the allegations contained in ¶ 3 of the Complaint, and based thereon denies the same.

4.  Erin admits it is a limited liability company based in New York. Erin further admits it engages in the business of purchasing debt for collection, including the debt of California consumers. Except as specifically admitted, Erin denies the remaining allegations contained in ¶ 4 of the Complaint.

5.  Erin admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) and/or Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the FDCPA and/or Rosenthal Act. Erin further admits it engages in the business of purchasing debt for collection. Except as specifically admitted, Erin denies the remaining allegations contained in ¶ 5 of the Complaint.

6.  Erin lacks sufficient information to answer the allegations contained in ¶ 6 of the Complaint, and based thereon denies the same.

7.  Erin lacks sufficient information to answer the allegations contained in ¶ 7 of the Complaint, and based thereon denies the same.

8.  Erin lacks sufficient information to answer the allegations contained in ¶ 8 of the Complaint, and based thereon denies the same.

9.  Erin lacks sufficient information to answer the allegations contained in ¶ 9 of the Complaint, and based thereon denies the same.

Answer to Complaint

10.   Erin lacks sufficient information to answer the allegations contained in ¶ 10 of the Complaint, and based thereon denies the same.

## IV. FACTUAL ALLEGATIONS

11.   In response to ¶ 11 of the Complaint, Erin avers that the cited statute speaks for itself and refers all matters of law to the Court.

12.   Erin admits it purchased plaintiff's Citibank account. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 12 of the Complaint and based thereon denies the same.

13.   Erin lacks sufficient information to answer the allegations contained in ¶ 13 of the Complaint, and based thereon denies the same.

14.   Erin admits the allegations contained in ¶ 14 of the Complaint

15.   Erin lacks sufficient information to answer the allegations contained in ¶ 15 of the Complaint, and based thereon denies the same.

16.   Erin lacks sufficient information to answer the allegations contained in ¶ 16 of the Complaint, and based thereon denies the same.

17.   Erin lacks sufficient information to answer the allegations contained in ¶ 17 of the Complaint, and based thereon denies the same.

18.   Erin lacks sufficient information to answer the allegations contained in ¶ 18 of the Complaint, and based thereon denies the same.

19.   In response to ¶ 19 of the Complaint, Erin avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content, and admits that the amount prayed for in the action was $10,000 or less.

20. In response to ¶ 20 of the Complaint, Erin avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 20 of the Complaint, and based thereon denies the same.

21. In response to ¶ 21 of the Complaint, Erin avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 21 of the Complaint, and based thereon denies the same.

22. In response to ¶ 22 of the Complaint, Erin avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 22 of the Complaint, and based thereon denies the same.

23. In response to ¶ 23 of the Complaint, Erin admits a proof of service was filed in San Mateo Superior Court Case No. CLJ461594 on October 1, 2007 and avers the proof of service is the best evidence of its content. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 23 of the Complaint, and based thereon denies the same.

24. Erin lacks sufficient information to answer the allegations contained in ¶ 24 of the Complaint, and based thereon denies the same.

25. Erin lacks sufficient information to answer the allegations contained in ¶ 25 of the Complaint, and based thereon denies the same.

26. Erin admits the allegations contained in ¶ 26 of the Complaint.

27. Erin lacks sufficient information to answer the allegations contained in ¶ 27 of the Complaint, and based thereon denies the same.

28. Erin admits the allegations contained in ¶ 28 of the Complaint.

29. Erin lacks sufficient information to answer the allegations contained in ¶ 29 of the Complaint, and based thereon denies the same.

30. Erin lacks sufficient information to answer the allegations contained in ¶ 30 of the Complaint, and based thereon denies the same.

31. Erin lacks sufficient information to answer the allegations contained in ¶ 31 of the Complaint, and based thereon denies the same.

32. Erin admits a stipulation to set aside judgment and for dismissal was filed in San Mateo Superior Court Case No. CLJ461594 on March 19, 2008. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 32 of the Complaint, and based thereon denies the same.

33. Erin lacks sufficient information to answer the allegations contained in ¶ 33 of the Complaint, and based thereon denies the same.

## V. FIRST CLAIM FOR RELIEF

(Against all Defendants for Violation of the FDCPA)

34. Erin incorporates by reference all of the foregoing paragraphs as though set forth in full.

35. Erin denies the allegations contained in ¶ 35, and subparagraphs a through h, inclusive, of the Complaint.

36. Erin denies the allegations contained in ¶ 36 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

## VI. SECOND CLAIM FOR RELIEF

(Against all Defendants for Violation of the Rosenthal Act)

37. Erin incorporates by reference all of the foregoing paragraphs as though set forth in full.

38. Erin denies the allegations contained in ¶ 38, and subparagraphs a through c, inclusive, of the Complaint.

39. Erin denies the allegations contained in ¶ 39 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

40. Erin denies the allegations contained in ¶ 40 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any

such violation.

3. Pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

4. Plaintiff's right to recovery under the Rosenthal Act is barred by the litigation privilege, Cal. Civ. Code § 47(b).

Dated: 8/11/08          SESSIONS, FISHMAN, NATHAN & ISRAEL L.L.P.

                          __/s/Debbie P. Kirkpatrick_____
                          Debbie P. Kirkpatrick,
                          Attorney for Defendant,
                          Erin Capital Management, LLC