1  Debbie P. Kirkpatrick, Esq. (SBN 207112)
2  SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
   3667 Voltaire Street
3  San Diego, California 92106
   Telephone: (619) 758-1891
4  Facsimile: (619) 222-3667
5  dkirkpatrick@sessions-law.biz

6  Attorney for Defendant
   Erin Capital Management, LLC
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
   JAMES SNOW, an individual,            )
11                                        )    Case No.  C08 01370 PVT
                       Plaintiff,         )
12       vs.                              )
13                                        )    ERIN CAPITAL MANAGEMENT,
   ERIN CAPITAL MANAGEMENT, LLC a)            LLC'S FIRST AMENDED ANSWER
14 limited liability company; and DOES 1)     TO COMPLAINT
   through 10 inclusive;                  )
15                                        )
                                          )
16                     Defendants.        )
                                          )
17                                        )

18

19     Defendant ERIN CAPITAL MANAGEMENT, LLC ("Erin") submits this

20 First Amended Answer and Affirmative Defenses to Plaintiff's Complaint and

21 states as follows:

22
                        I.  INTRODUCTION
23
24     1.     Erin admits Plaintiff's action is brought under the statutes set forth

25 in ¶ 1 of the Complaint, but denies any wrongdoing or liability under the law.

26
27
28
                                    1
                     First Amended Answer to Complaint

## II. JURISDICTION AND VENUE

2. Erin admits the allegations set forth in ¶ 2 of the Complaint for jurisdiction and venue purposes only.

## III. PARTIES

3. Erin lacks sufficient information to answer the allegations contained in ¶ 3 of the Complaint, and based thereon denies the same.

4. Erin admits it is a limited liability company based in New York. Erin further admits it engages in the business of purchasing debt for collection, including the debt of California consumers. Except as specifically admitted, Erin denies the remaining allegations contained in ¶ 4 of the Complaint.

5. Erin admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) and/or Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the FDCPA and/or Rosenthal Act. Erin further admits it engages in the business of purchasing debt for collection. Except as specifically admitted, Erin denies the remaining allegations contained in ¶ 5 of the Complaint.

6. Erin lacks sufficient information to answer the allegations contained in ¶ 6 of the Complaint, and based thereon denies the same.

7. Erin admits the allegations contained in ¶ 7 of the Complaint.

8. Erin admits the debt at issue is a Citibank Mastercard debt, but lacks sufficient information to answer the allegations contained in ¶ 8 of the Complaint,

i.e., whether the debt was incurred primarily for personal, family or household purposes, and based thereon denies the same.

9.  Erin admits the debt at issue is a Citibank Mastercard debt, but lacks sufficient information to answer the allegations contained in ¶ 9 of the Complaint, i.e., whether the debt was incurred primarily for personal, family or household purposes, and based thereon denies the same.

10.  Erin admits the debt at issue is a Citibank Mastercard debt, but lacks sufficient information to answer the allegations contained in ¶ 10 of the Complaint, i.e., whether the debt was incurred primarily for personal, family or household purposes, and based thereon denies the same.

## IV. FACTUAL ALLEGATIONS

11.  In response to ¶ 11 of the Complaint, Erin avers that the cited statute speaks for itself and refers all matters of law to the Court.

12.  Erin admits it purchased plaintiff's Citibank Mastercard account on which plaintiff had made purchases. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 12 of the Complaint and based thereon denies the same.

13.  Erin lacks sufficient information to answer the allegations regarding the card expiration date contained in ¶ 13 and based thereon denies the same. Erin denies, on information and belief based on account records, the allegations regarding lack of charges or payment after late 2002 contained in ¶ 13.

14.  Erin admits the allegations contained in ¶ 14 of the Complaint

3

15. Erin admits, on information and belief based on account records, that plaintiff last made a payment on his Citibank Mastercard account on March 3, 2003. Erin further admits, on information and belief, the complaint in San Mateo Superior Court Case No. CLJ461594 was filed March 19, 2007. Erin avers that it relied on the advice and expertise of counsel who prepared and filed the action on Erin's behalf. Erin further avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Erin lacks sufficient information to respond to the legal conclusions contained in ¶ 15 and based thereon denies the same. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 15 and refers all matters of law to the court.

16. Erin lacks sufficient information to answer the allegations contained in ¶ 16 of the Complaint, and based thereon denies the same.

17. Erin lacks sufficient information to answer the allegations contained in ¶ 17 of the Complaint, and based thereon denies the same.

18. Erin admits plaintiff contends he resided in San Benito County at all relevant times and further admits the complaint in San Mateo Superior Court Case No. CLJ461594 was filed in San Mateo County. Erin avers that it relied on the advice and expertise of counsel who prepared and filed the action on Erin's behalf. Erin further avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Erin lacks sufficient information to respond to the legal conclusions contained in ¶ 18 and based thereon denies the

same. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 18 and refers all matters of law to the court.

19. Erin admits the allegation contained in ¶ 19 of the Complaint, and avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content.

20. Erin admits plaintiff contends he resided in San Benito County at all relevant times and further admits the complaint in San Mateo Superior Court Case No. CLJ461594 alleges plaintiff lived in San Mateo County. Erin avers that it relied on the advice and expertise of counsel who prepared and filed the action on Erin's behalf. Erin further avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 20 and refers all matters of law to the court.

21. Erin admits it was a limited liability company, and not a corporation, at the time of filing of the complaint in San Mateo Superior Court Case No. CLJ461594. Erin avers that it relied on the advice and expertise of counsel who prepared and filed the action on Erin's behalf. Erin further avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 21 and refers all matters of law to the court.

22. Erin admits it purchased plaintiff's Citibank Mastercard account within four years prior to the filing of the complaint in San Mateo Superior Court

Case No. CLJ461594. Erin avers that it relied on the advice and expertise of counsel who prepared and filed the action on Erin's behalf. Erin further avers the complaint filed in San Mateo Superior Court Case No. CLJ461594 is the best evidence of its content. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 22 and refers all matters of law to the court.

23. Erin admits a proof of service was filed in San Mateo Superior Court Case No. CLJ461594 on October 1, 2007 and avers the proof of service is the best evidence of its content. Erin further avers it relied on the advice and expertise of counsel who represented Erin in the action. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 23 of the Complaint, and based thereon denies the same and refers all matters of law to the court.

24. Erin lacks sufficient information to answer the allegations contained in ¶ 24 of the Complaint, and based thereon denies the same.

25. Erin admits a proof of service was filed in San Mateo Superior Court Case No. CLJ461594 and avers the proof of service is the best evidence of its content. Erin further avers it relied on the advice and expertise of counsel who represented Erin in the action. Erin lacks sufficient information to respond to the legal conclusions contained in ¶ 25 and based thereon denies the same. Except as expressly admitted, Erin denies the remaining allegations contained in ¶ 25 and refers all matters of law to the court.

26. Erin admits the allegations contained in ¶ 26 of the Complaint.

27. Erin lacks sufficient information to answer the allegations contained in ¶ 27 of the Complaint, and based thereon denies the same. Erin further avers it relied on the advice and expertise of counsel who represented Erin in the action.

28. Erin admits the allegations contained in ¶ 28 of the Complaint.

29. Erin admits the account records of Eltman, Eltman & Cooper, P.C., indicate calls were made to plaintiff in February 2008. Except as specifically admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 29 of the Complaint, and based thereon denies the same.

30. Erin lacks sufficient information to answer the allegations contained in ¶ 30 of the Complaint, and based thereon denies the same.

31. Erin lacks sufficient information to answer the allegations contained in ¶ 31 of the Complaint, and based thereon denies the same.

32. Erin admits a stipulation to set aside judgment and for dismissal was filed in San Mateo Superior Court Case No. CLJ461594 on March 19, 2008. Except as expressly admitted, Erin lacks sufficient information to answer the remaining allegations contained in ¶ 32 of the Complaint, and based thereon denies the same.

33. Erin lacks sufficient information to answer the allegations contained in ¶ 33 of the Complaint, and based thereon denies the same.

## V. FIRST CLAIM FOR RELIEF

(Against all Defendants for Violation of the FDCPA)

34. Erin incorporates by reference all of the foregoing paragraphs as though set forth in full.

35. Erin denies the allegations contained in ¶ 35, and subparagraphs a through h, inclusive, of the Complaint.

36. Erin denies the allegations contained in ¶ 36 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

## VI. SECOND CLAIM FOR RELIEF

(Against all Defendants for Violation of the Rosenthal Act)

37. Erin incorporates by reference all of the foregoing paragraphs as though set forth in full.

38. Erin denies the allegations contained in ¶ 38, and subparagraphs a through c, inclusive, of the Complaint.

39. Erin denies the allegations contained in ¶ 39 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

40. Erin denies the allegations contained in ¶ 40 and further specifically denies that plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any

such violation.

    3.    Pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

    4.    Plaintiff's right to recovery under the Rosenthal Act is barred by the litigation privilege, Cal. Civ. Code § 47(b).

    5.    At all times relevant to the allegations contained in the Complaint, defendant relied on the advice and expertise of counsel.

Dated: 9/2/08    SESSIONS, FISHMAN, NATHAN & ISRAEL L.L.P.

        __/s/Debbie P. Kirkpatrick_____
        Debbie P. Kirkpatrick,
        Attorney for Defendant,
        Erin Capital Management, LLC